IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>131 M Street, N.E.,<br>Washington, D.C. 20507<br><br>    Plaintiff,<br><br>v.<br><br>EQUINOX HOLDINGS, INC.,<br>31 Hudson Yards,<br>New York, NY 10001<br><br>    Defendant. | Civil Action No. <u>1:24-cv-3597</u><br><br><br><br><u>COMPLAINT</u><br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and sex and to provide appropriate relief to Charging Party Rahdia Green. As alleged with greater particularity below, Defendant Equinox Holdings, Inc., unlawfully discriminated against Green when it failed to hire her on the basis of disability and/or sex, and when it failed to provide a reasonable accommodation for her disability during the hiring process.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the District of Columbia.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission ("the Commission") is the federal agency charged with the administration, interpretation, and enforcement of Title I of the ADA and Title VII, and is expressly authorized to bring this action under Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Equinox Holdings, Inc. ("Equinox"), a New York corporation, has continuously been doing business in the District of Columbia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7), and Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g), and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Green filed a charge of discrimination with the EEOC alleging violations of the ADA by Defendant.

8. On July 18, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated the ADA and Title VII and inviting it to join

with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. On July 18, 2024, the Commission issued a conciliation proposal to Defendant to provide it an opportunity to remedy the discriminatory practices described in the Letter of Determination on terms acceptable to the Commission.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 9, 2024, the Commission issued a Notice of Failure of Conciliation to Defendant.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

13. Since approximately 2016, Green has had endometriosis, a condition in which endometrial cells and tissue that create the inner lining of the uterus grow abnormally outside of the uterus. This misplaced endometrial tissue responds to the same hormones as normal endometrial tissue in the uterus during the menstrual cycle, causing inflammation, cramps, and pain during menstrual periods.

14. Due to her endometriosis, Green's periods are irregular, meaning that she does not have her period every month, but "skips" or misses two to three periods a year, resulting in her having approximately nine to ten periods in year, rather than twelve.

15. During approximately four or five of her periods every year, Green's endometriosis causes her to have abnormally painful and severe menstrual cramping, nausea, and headaches that can render her bed-ridden for one to two days.

16. Despite her endometriosis and its resulting symptoms, Green has never been terminated or forced to resign for any reason, including excessive absenteeism.

17. Green's severe symptoms have caused her to call out of work or use sick leave no more than four times a year.

18. Defendant owns and operates fitness facilities and gyms across the United States, including but not limited to Equinox Sports Club Washington, DC located at 1170 22nd St NW, Washington, DC 20037.

19. On or about February 19, 2023, Charging Party Green, a female, applied to work as a Front Desk Associate at Equinox Sports Club Washington, DC.

20. Front Desk Associates are responsible for greeting members and guests, scanning IDs, answering phones, responding to members' questions and concerns, updating members' accounts, maintaining a clean work area, giving tours, and providing customer service to members, prospective members, and guests.

21. The Front Desk Associate position requires a minimum of one year in customer service or related experience.

22. On March 8, 2023, Defendant's Front Desk Manager on Duty, Alexandra Tolbert, interviewed Green for the position.

23. During her interview, Green informed Tolbert that she had worked in positions similar to the Front Desk Associate for Planet Fitness, a gym and fitness club, and Zengo Cycle, a cycling studio.

24. Specifically, Green told Tolbert that she had worked as a front desk attendant at Planet Fitness for approximately two years and that her duties included greeting customers and answering their questions, conducting gym tours with prospective members, and selling gym

memberships. Green further explained that at Zengo Cycle, where she had worked for approximately a year, she had been a shift lead as a front desk associate and was responsible for responding to customer questions, processing payments for memberships, and scheduling workout classes.

25. During her interview, Green also told Tolbert that she had customer service experience from working as a licensed real estate agent for nearly three years and as a leasing consultant for an apartment complex for approximately two years.

26. Tolbert told Green that she was impressed by her credentials and prior experiences.

27. Tolbert told Green that Defendant was looking to "clean house" and replace some of its current front desk associates, some of whom were college students who lacked the necessary availability, especially for early-morning shifts, and were generally irresponsible.

28. At the end of the interview, Tolbert told Green that she wanted to get her in for a second-round interview with Defendant's Assistant General Manager, Alvin Walcott, as soon as possible.

29. Walcott had the authority to hire applicants for the Front Desk Associate position at Equinox Sports Club Washington DC.

30. Tolbert asked whether Green would be available to meet with Walcott two days later, on Friday, March 10, 2023.

31. Green expressed enthusiasm to be moving forward in the hiring process, but asked whether Walcott had availability the following week.

32. Green told Tolbert that she had started her period, that she experiences horrible menstrual cramps that can require her to need to lie down, that she was already feeling "crampy," and that she would be feeling really bad by Friday.

33. Tolbert advised Green that she would check with Walcott regarding his schedule.

34. On Sunday, March 12, 2023, having not heard back from Defendant about her interview with Walcott, Green emailed Tolbert, thanking her for her interview and stating that she was available to speak with Walcott anytime from Wednesday through Friday of the upcoming week.

35. Green attached an updated resume to her March 12, 2023 email to Tolbert, which included her experience at Planet Fitness and Zengo Cycle.

36. The next time that Green heard from Defendant was Monday, March 13, 2023, when she received a rejection email from Walcott stating, "The team has reviewed your background and experience, and although your qualifications are excellent, we have decided to go in another direction that more closely matches the position's requirements at this time."

37. Less than two hours later, Tolbert texted Green, "After speaking with Alvin [Walcott][,] we will have to pass. Only because the concern in the future if your absence may occur due to your monthly cycle."

38. In a follow-up text to Green, Tolbert stated, "Although we definitely are understanding [that] this is not something you can control. Unfortunately[,] that not being in your control may be an issue later."

39. Defendant continued to post the job requisition for the Front Desk Associate position on its website after it denied employment to Green.

40. On or around April 28, 2023, Defendant subsequently hired Joseph Domenico, a local male college student, for the Front Desk Associate position at Equinox Sports Club Washington, DC.

41. Domenico applied for the Front Desk Associate position on February 15, 2023.

42. The resume that Domenico provided to Defendant revealed that he had no prior experience working in gyms, and his prior work experience consisted of employment with a recruiting and staffing agency and as a bartender and cook at a miniature golf venue.

## CAUSES OF ACTION

### COUNT I: Failure to Hire on the Basis of Disability, Perceived Disability, and/or the Need to Make a Reasonable Accommodation
### 42 U.S.C. §§ 12112(a), (b)(5)(B)

43. The Commission repeats and incorporates by reference the factual allegations set forth in Paragraphs 13 through 42.

44. At all relevant times, Green had a physical impairment, endometriosis, that substantially limits the major bodily functions of reproduction and normal cell growth.

45. At all relevant times, Green had a disability within the meaning of Section 12102 (1)(A) of the ADA.

46. Green's endometriosis is not a minor physical impairment.

47. Green's endometriosis is not a physical impairment with an expected duration of 6 months or less.

48. At all relevant times, Defendant perceived Green as having a physical impairment.

49. Green was qualified to perform the essential functions of Defendant's Front Desk Associate position with or without reasonable accommodations.

50. On or about March 13, 2023, Defendant engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(B), by failing to hire Green on the basis of her disability and/or because it regarded her as having a physical impairment and/or because of the need to accommodate Green's disability.

51. The effect of the practices complained of in Paragraph 50, above, has been to deprive Green of equal employment opportunities and otherwise to adversely affect her status as an applicant for employment because of her disability.

52. The unlawful employment practices described above were intentional.

53. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Green.

### COUNT II: Failure to Accommodate
### 42 U.S.C. § 12112(b)(5)(A)

54. The Commission repeats and incorporates by reference the allegations set forth in Paragraphs 13 through 42 and 44 through 49.

55. On or about March 13, 2023, Defendant engaged in an unlawful employment practice in violation of Section 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A), by failing to provide a reasonable accommodation to the known physical limitations of Green when it failed to schedule her second-round interview with Walcott for the week of March 13, 2023, rather than on Friday, March 10, 2023.

56. The effect of the practice complained of in Paragraph 55, above, has been to deprive Green of equal employment opportunities and otherwise to adversely affect her status as an applicant for employment because of her disability.

57. The unlawful employment practices described above were intentional.

58. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Green.

### COUNT III: Failure to Hire on the Basis of Sex
### 42 U.S.C. § 2000e-2(a)(1)

59. The Commission repeats and incorporates by reference the factual allegations set forth in Paragraphs 13 through 42.

60. On or about March 13, 2023, Defendant engaged in an unlawful employment practice in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), when it failed to hire Green, a female, due to her sex and/or due to the innately sex-based characteristic of menstruation.

61. The effect of the unlawful employment practice complained of in Paragraph 60, above, has been to deprive Green of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her sex.

62. The unlawful employment practices described above were intentional.

63. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Green.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex and/or disability;

B. Order Defendant to institute and carry out such policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and females, including but not limited to the institution of effective anti-discrimination and retaliation policies and mandatory training on disability and sex discrimination for all management/supervisory employees who have the authority to interview and hire employees, or the authority to take other employment actions on behalf of Defendant;

C. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because sex and/or disability, including that Defendant will comply with all aspects of the ADA and Title VII;

D. Order Defendant to make whole Charging Party Green by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial;

E. Order Defendant to make whole Charging Party Green by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, frustration, degradation, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Charing Party Green punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award this Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

 Respectfully submitted,

 U.S. EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

 KARLA GILBRIDE
 General Counsel

 CHRISTOPHER LAGE
 Deputy General Counsel

        GWENDOLYN REAMS
        Associate General Counsel

        DEBRA M. LAWRENCE
        Regional Attorney

        /s/ Maria Luisa Morocco
        MARIA LUISA MOROCCO
        Assistant Regional Attorney
        D.C. Bar No. 489956
        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Washington Field Office
        131 M Street, N.E.,
        Washington, DC 20507
        Phone: (202) 921-4287
        Fax: (202) 827-2349
        Maria.morocco@eeoc.gov

        */s/ Christine T. Johnson*
        CHRISTINE T. JOHNSON
        Trial Attorney
        D.C. Bar No. 1739030
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Washington Field Office
        131 M Street, N.E.
        Washington, D.C. 20507
        Phone: (202) 921-3022
        Fax: (202) 827-2349
        christine.t.johnson@eeoc.gov

Dated:      December 23, 2024.