**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:24-cv-03597 |
| **EQUINOX HOLDINGS, INC.**, | ) ) ) | |
| Defendant. | ) ) | |

## <u>CONSENT DECREE</u>

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission"), against Defendant Equinox Holdings, Inc. ("Equinox" or "Defendant"), alleging that Defendant violated Sections 102(a), 102(b)(5)(A), and 102(b)(5)(B) of the Americans with Disabilities Act of 1990, as amended ("the ADA"), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), 12112(b)(5)(B), and Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), by discriminating against Rahdia Green ("Green") on the basis of her alleged disability and her sex when Defendant failed to hire her for a Front Desk Associate position and failed to accommodate her alleged disability during the hiring process.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of the ADA and Title VII. This Decree does not constitute an adjudication on the merits of the Commission's case, and it shall not be construed as a waiver by the Commission of any contentions of discrimination. The Court has examined this Decree and finds that it is reasonable and just and

in accordance with the Federal Rules of Civil Procedure, the ADA, and Title VII. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all claims alleged in the Complaint filed by the Commission in this ADA and Title VII action, which emanated from the Charge of Discrimination filed by Green, EEOC Charge No. 570-2023-01764.

2. Equinox has denied and continued to deny all of the allegations in the Complaint filed by the Commission and the Charge of Discrimination filed by Green, EEOC Charge No. 570-2023-01764. Nothing herein shall be read as an admission of guilt or liability by Equinox.

## SCOPE OF DECREE

3. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.

## NON-DISCRIMINATION

4. Defendant and its officers, directors, agents, employees, successors, and assigns are enjoined from violating the ADA and will not discriminate against qualified individuals on the basis of disability, including by:

   a. Failing or refusing to hire qualified applicants because of a disability, perceived disability, and/or the need to make reasonable accommodations to the physical or mental impairments of the applicant; and/or

   b. Failing to provide reasonable accommodations to qualified applicants or employees with a disability absent undue hardship.

5.     Defendant and its officers, directors, agents, employees, successors, and assigns are enjoined from violating Title VII and will not discriminate against individuals on the basis of sex, including by failing or refusing to hire qualified applicants because of their sex.

6.     Defendant and its officers, directors, agents, employees, successors, and assigns are enjoined from retaliating against any individual for asserting his or her rights under the ADA and/or Title VII, or otherwise engaging in protected activity, such as by complaining of or opposing discrimination, filing a complaint or charge, or participating in or giving testimony or assistance with an investigation or litigation.

## **MONETARY RELIEF**

7.     Within thirty (30) days from the date of entry of the Decree, Defendant shall pay Rahdia Green a total of $48,000.00 in the amounts and forms specified below:

  a.     One payment will be for  the gross amount $11,174.00, which constitutes back pay. This payment will be classified as wages and will be subject to withholdings and payroll taxes. Defendant's employer-side taxes and required employer contributions, including those under FICA, are separate from, and shall not be deducted from the back pay payment. Defendant shall report the back pay payment to Ms. Green and the IRS via an IRS Form W-2, less all legal taxes and withholdings, as issued by Defendant to Charging Party.

  b.     The second payment will be for $36,826.00, which constitutes compensatory damages. This payment will be classified as non-wage damages, will not be subject to withholdings, and will be paid in one lump

sum. Defendant shall report this non-wage payment to Ms. Green and the IRS via an IRS Form 1099-MISC.

8.     The required payments shall be made by checks delivered to Ms. Green via certified or express overnight mail or another method capable of being tracked at the address provided by the EEOC in advance of the entry of the Decree.

9.     Within three (3) days of sending payment, Defendant shall send a photocopy of each check, along with a photocopy of the certified mail receipts or other documentation of delivery, to the Commission's counsel of record, Christine Johnson, at christine.t.johnson@eeoc.gov.

## NON-MONETARY RELIEF

### Policies and Procedures

10.     Within thirty (30) days of the entry of this Decree, Defendant shall create, implement, and disseminate a policy against discrimination that meets the following minimum criteria:

   a.     explains federal prohibitions on disability discrimination under the ADA, including, but not limited to: (1) prohibitions on discrimination against a qualified individual with a disability in regard to job application procedures and hiring; and (2) prohibitions on denying employment opportunities to an employment applicant or employee who is a qualified individual with a disability based on the need to make reasonable accommodations to the physical or mental impairments of the employee or applicant for employment absent undue hardship;

   b.     states that Defendant is required to provide reasonable accommodations to

the known physical or mental limitations of a qualified individual with a disability who is an applicant for employment or employee absent undue hardship;

c.  provides a clear procedure for applicants for employment and employees to request reasonable accommodations, including: the identity and contact information for Defendant's employee(s) responsible for handling reasonable accommodation requests; the procedures for communicating such requests; and examples of reasonable accommodations;

d.  explains federal prohibitions on discrimination under Title VII, including its prohibition against discrimination on the basis of sex;

e.  provides a clear procedure for applicants and employees to make a complaint of discrimination, including: the identity and contact information for Defendant's employee(s) responsible for the receipt of complaints, and the process and procedures Defendant will utilize to investigate and otherwise address the complaints;

f.  states that retaliation for requesting an ADA accommodation or making a complaint of discrimination is prohibited.

11.  Within thirty (30) days from the date of the entry of this Decree, Defendant shall disseminate a link to Defendant's policy described in Paragraph 10 to all current employees, including management and non-management employees. Defendant shall also provide a link to Defendant's policy described in Paragraph 10 during the onboarding process on or before the first day of work to any newly hired employee.

12.     Within thirty (30) days from the effective date of the Decree, Defendant shall post Defendant's policy described in Paragraph 10 on Defendant's careers webpage of its website and to its intranet.

13.     During the term of this Decree, any proposed amendments made to the policy described in Paragraph 10 must be provided to the EEOC thirty (30) days prior to the effective date of the amendment.

14.     Within fifteen (15) days of the dissemination of the policy described in Paragraph 10, Defendant shall provide to counsel of record, Christine Johnson, at christine.t.johnson@eeoc.gov, a copy of the Defendant's policy described in Paragraph 10, and a certification that the policy has been disseminated and posted in compliance with Paragraphs 11 and 12.

**<u>Training</u>**

15.     Within thirty (30) days from the date of entry of the Decree, Defendant shall distribute, at its own expense, no less than two (2) hours of remote, interactive training for all supervisors, managers, and personnel whose job duties include: hiring, recruiting/interviewing applicants, and/or assessing reasonable accommodation requests, at the following five (5) Equinox clubs located in and around the Washington, D.C., area: Equinox Tysons Corner; Equinox Bethesda; Sports Club Washington D.C.; Equinox Anthem Row; and Equinox Wisconsin Ave (hereinafter, the "Washington, D.C. area Equinox clubs"). This training shall be provided by an outside professional vendor/entity with expertise in employment discrimination laws, including the ADA and Title VII, that was previously agreed to by the EEOC. Defendant shall require all employees delineated above to complete the training within thirty (30) days of its distribution by Defendant. The training shall include the following: (a) an explanation of the ADA with an

emphasis on the prohibition against disability discrimination in the job application process and hiring; (b) Defendant's duty to provide reasonable accommodations to qualified applicants for employment and employees with disabilities absent undue hardship, and the interactive process of identifying and providing such accommodations; (c) Defendant's duty not to discriminate against qualified individuals based on their disabilities or their need for reasonable accommodation; (d) an explanation of Title VII with an emphasis on the prohibitions against discrimination based on sex; (e) an explanation of Defendant's policy as described in Paragraph 10, including Defendant's procedures for applicants for employment and employees to request reasonable accommodations and make complaints of discrimination; and (f) the steps employees in any of the positions delineated above are expected to take to ensure Defendant's compliance with Title VII and the ADA.

16.    Within ten (10) days of compliance with the requirements of Paragraph 15, Defendant shall provide to the Commission's counsel of record, Christine Johnson, at christine.t.johnson@eeoc.gov, a certification that the training has occurred. This certification shall include the date of Defendant's distribution of the training, a copy of the training materials and/or presentations used, as well as the names and positions of all employees required to complete the training, and the date that each completed the training.

17.    Within thirty (30) days from the date of entry of the Decree, Defendant shall distribute, at its own expense, no less than one (1) hour of remote, interactive training for all non-management employees at the five Washington, D.C. area Equinox clubs (as defined above). This training shall be  provided by an outside professional vendor/entity with expertise in employment discrimination laws, including the ADA and Title VII, that was previously agreed to by the EEOC. Defendant shall require all employees delineated above to complete the training within thirty (30)

days of its distribution by Defendant. The training shall cover employment discrimination laws, including the ADA and Title VII, and an explanation on the process to request a reasonable accommodation or make a complaint of discrimination with Defendant.

18.    Within ten (10) days of compliance with Paragraph 17, Defendant shall provide to the Commission's counsel of record, Christine Johnson, at christine.t.johnson@eeoc.gov, a certification that such training has occurred. This certification shall include the date of Defendant's distribution of the training, a copy of the training materials and/or presentations used, as well as the names and positions of all employees required to complete the training, and the date that each completed the training.

19.     Defendant shall provide the trainings described in Paragraphs 15 and 17 to any employee who is hired, promoted, or transferred into any of the positions delineated in Paragraph 15, and to anyone who is hired into a non-management position, within twenty-one (21)  days of hire, promotion, or transfer.

**<u>Notice Posting</u>**

20.    Within ten (10) days after entry of the Decree, Defendant shall post, in all physical places where notices to employees customarily are posted at the five Washington, D.C. area Equinox clubs (as defined above), and upload to any intranet or other electronic system for sharing work information with employees, the signed Notice attached hereto as Exhibit A. Said Notice shall be posted and must be maintained for the life of the Decree with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified.

21.     Within ten (10) days of compliance with Paragraph 20, Defendant shall provide to

counsel of record, at christine.t.johnson@eeoc.gov, a copy of the signed Notice and a certification that such documents have been posted and uploaded as required, and a statement of the location(s) and date(s) of posting and upload. Defendant shall provide additional certification on an annual basis corresponding with the date of entry of the Decree for the duration of this Decree.

### EEOC Compliance Monitoring

22.     During the term of the Consent Decree, EEOC is authorized to monitor compliance with the Decree, which may occur, upon reasonable notice to Defendant, through inspection of Defendant's premises, attendance or observance of events required by the Consent Decree, interviews with Defendant's employees or representatives, production and inspection of Defendant's records, and other investigatory techniques provided for under 42 §§ U.S.C. 2008e-8, 2000e-9, or EEOC regulation.

### DISPUTE RESOLUTION AND COMPLIANCE REVIEW

23.     This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

24.     Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have thirty (30) days to either correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance in writing.

      a.     If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

      b.     Each party shall bear its own costs, expenses and attorneys' fees incurred in

connection with such action; and

c.  Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Columbia.

## EEOC REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) and 6050X

25.  The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the Defendant with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

a.  Defendant's applicable EIN is: 13-4034296.

b.  The individual to whom the EEOC should mail copies of the form 1098-F, if the EEOC is required to issue one for Defendant, is: Melissa Rodriguez, Morgan Lewis & Bockius LLP, 100 Park Ave. New York, NY 10178.

c.  The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

d.  The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

e.  Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

f.    The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS

26.    The Commission and Defendant shall bear their own costs and attorneys' fees.

27.    If any provision(s) of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

28.    The terms of the Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries and/or affiliates of Defendant; and (d) all present and future owners, officers, directors, trustees, administrators, successors, representatives, or governing board members of Defendant.

29.    This Decree in no way affects the Commission's right to bring, process, or investigate any other pending or future charges of discrimination that may be filed against the Defendant or to commence civil actions on any such charges as the Commission sees fit.

## SIGNATURES AND ENTRY

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

**FOR PLAINTIFF**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

**FOR DEFENDANT**
**EQUINOX HOLDINGS, INC.**

Signed by:

*andrea Threet*
AA59ADB383654A3...

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney

GRACE E. SPEIGHTS (Bar No. 392091)
ANDREA N. THREET (Bar No. 1045616)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Ave, NW

/s/ Maria L. Morocco

MARIA L. MOROCCO
Assistant Regional Attorney

_Christine T. Johnson_

CHRISTINE T. JOHNSON
Trial Attorney
U.S. Equal Employment Opportunity Commission
Washington Field Office
131 M St., N.E. Ste. 4NW02F
Washington, DC 19107-3127
Phone: (202) 921-3022
Fax: (202) 827-2349
christine.t.johnson@eeoc.gov

Washington, DC 20004
Phone: (202) 739-5189
Grace.speights@morganlewis.com

Counsel for Defendant

**IT IS SO ORDERED:**

Signed and entered this _____ day of _____, 2025.

_____

Randolph D. Moss, United States District Judge
United States District Court for the District of Columbia

# EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted as part of the resolution of a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC") against Equinox Holdings, Inc. ("Equinox") in the United States District Court for the District of Columbia (1:24-cv-03597). In that lawsuit, the EEOC alleged that Equinox violated the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a)(1).

The Commission is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce the ADA and Title VII. The ADA prohibits discrimination against qualified applicants and employees with disabilities. Under the ADA, employers are required to provide qualified applicants and employees with a disability a reasonable accommodation, absent undue hardship. Title VII prohibits employment discrimination based on sex, race, religion, color, or national origin.

To resolve this lawsuit, Equinox and the EEOC have entered into a Consent Decree which provides, among other things, that Equinox: (1) will not discriminate against qualified individuals on the basis of disability; (2) will not discriminate on the basis of sex; (3) will train employees on the federal laws prohibiting disability-based and sex-based discrimination; and (4) will distribute to all employees a policy prohibiting discrimination.

Employees have the right to report allegations of discrimination in the workplace. If you believe you have been discriminated against, you may file a charge of discrimination with the EEOC. For more information on filing a charge of discrimination, or to locate your nearest EEOC office, visit www.eeoc.gov.

_____
Date                           Equinox Holdings, Inc. Official

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED, ALTERED, OR COVERED. THIS NOTICE MUST REMAIN POSTED FOR 2 YEARS FROM DATE OF POSTING UNTIL _____, 2027.**